■ BARBARA BATES, Individually and as Mother and Next Friend of SUSAN BATES, and Others, et al., Appellants, v. INTER-ISLAND MORTGAGEE CORP., Respondent.— Order, Supreme Court, Bronx County, entered on March 27, 1973, unanimously modified, on the law, to strike the grant of summary judgment, the cross motion for summary judgment denied, and the order otherwise affirmed, without costs and without disbursements. Defendant, in opposing plaintiffs' motion for poor person relief, requested, by way of affidavit, summary judgment. This practice was impermissible. No notice of cross motion was served, and if the affidavit be deemed a notice (which it could not be) timely notice was not given. In addition, a factual issue as to the date of the alleged conversion was disclosed. This issue was vital, as the purported notice was based on the Statute of Limitations. The contention that the practice was permissible under CPLR 3212 (subd. [b]) is untenable. This section allows the court to grant summary judgment to either party on a motion for summary judgment without the necessity for a cross motion. Here, the original motion was not for that relief. On the question of poor person relief, Special Term did not abuse its discretion where the only proof of merit in the action was the attorney's mere assertion. Concur — Markewich, J. P., Murphy, Steuer, Capozzoli and Macken, JJ.

■ In the Matter of the Estate of MARK ROTHKO, Deceased. BERNARD J. REIS et al., Respondents; MARLBOROUGH GALLERY, INC., et al., Respondents-Appellants. MARK ROTHKO FOUNDATION, INC., et al., Respondents; ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Appellant.— Order, Surrogate's Court, New York County, entered April 5, 1973, denying motion of Attorney-General for protective order and granting cross motion directing examination of Attorney-General, unanimously reversed, on the law and in the exercise of discretion, and cross petitioner appellant's motion for a protective order vacating the notices to examine him granted, and the cross motion denied. Cross petitioner appellant shall recover of respondents-respondents Reis and Stamos and The Mark Rothko Foundation, Inc., $40 costs and disbursements of this appeal. In this proceeding to remove executors it is sought to examine the Attorney-General by his assistant in charge of the matter as an adverse party. While nominally a party, in fact the Attorney-General appears only as the statutory representative of ultimate beneficiaries of charitable bequests under the will (EPTL 8-1.1, subd. [f]). As such, he may be examined only upon a showing of special or unusual circumstances and none are demonstrated (*People* v. *Volkswagen of Amer.* 41 A D 2d 827). Concur — Markewich, J. P., Murphy, Lane, Tilzer and Macken, JJ.